IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JENEE MARIE KLEIN,<br><br>Defendant. | CR 21-114-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of her supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc 129.)

On January 27, 2026, the Court conducted the final revocation hearing. With one exception, Defendant admitted all violations alleged in the petition. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 7 months imprisonment, followed by 25 months of supervised release.

## I.    Background

In 2023, Defendant pled guilty to the offenses of wire fraud (Count 6) and aggravated identity theft (Count 12). (Doc. 103.) On May 23, 2023, the Court sentenced her to 24 months custody on Count 6, and 1 month custody on Count 12, to run consecutive. The Court also imposed a term of supervised release for 3

1

years on Count 6, and 1 year on Count 12, to run concurrent. (*Id.*) Defendant began serving her term of supervised release on April 17, 2024.

On December 12, 2024, Defendant's supervised release was revoked for using methamphetamine and failure to comply with substance abuse testing. She was sentenced to 4 months custody on Counts 6 and 12, to run concurrent, followed by 32 months supervised release.[1] Defendant began her second period of supervised release on March 7, 2025. (Doc. 125.)

On January 7, 2026, the United States Probation Office filed the amended petition now at issue. (Doc. 131.) The petition alleges that Defendant violated 8 conditions of supervised release, and provides a brief explanation of each violation. (*Id.*) Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 128.) Defendant was arrested, and made an initial appearance on January 7, 2026. (Doc. 132.)

## II.    **Final Revocation Hearing**

The undersigned explained the Findings and Recommendations procedure to Defendant, including her right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition

---

[1] The Court imposed the term of supervised release as to Count 6. *See* Findings and Recommendations (Doc. 121 at 1), recommending 32 months of supervised release as to Count 6 with no supervised release to follow as to Count 12, and Order (Doc. 122 at 2) adopting Findings and Recommendations in full.

of sentence.  After consenting to proceed, Defendant admitted all the violations as alleged in the petition, except for the subpart of Violation 1 alleging that she provided a urinalysis that tested positive for fentanyl on September 18, 2025.  The undersigned accepted the admissions and proceeded to sentencing.

The undersigned calculated that Defendant's violation grade is C, her criminal history category is III, and the underlying offenses are Class C (Count 6) and Class E (Count 12) felonies.  Under those circumstances, the statutory maximum sentence that can be imposed as to the Class C felony in Count 6 is 24 months incarceration, and the United States Sentencing Guidelines call for 5–11 months incarceration.  Defendant could also be sentenced to as much as 32 months supervised release on Count 6, less any incarceration time imposed.  Counsel for the parties agreed with those calculations.

The United States requested a sentence of 10 months incarceration with a term of supervised release to follow.  Defendant's counsel requested a sentence of between 4 and 7 months with no supervised release to follow.

## III.  Analysis

Based on Defendant's admission to the violations of her conditions of supervised release, her supervised release should be revoked.  The Court should sentence Defendant to 7 months custody on Counts 6 and 12, to run concurrent. The Court should also impose a term of supervised release for a period of 25

months as to Count 6, with no supervised release as to Count 12. No circumstances warrant a departure from the guideline range.

The undersigned has considered all the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant. With respect to the nature and circumstances of the violations, the violations in the present petition relate to Defendant's relapse in her use of controlled substances, and are very similar to the violations involved in her first revocation proceeding. Other than her use of controlled substances, none of her violations involve new criminal conduct.

With respect to the history and characteristics of the Defendant, she had accumulated 4 criminal history points and a criminal history category III at the time of the underlying offenses. As with her underlying offenses, her prior offenses consist primarily of lower-level, property-related offenses. It is significant to note that Defendant attributed her involvement in the underlying offenses to substance abuse. Thus, her continued use of alcohol and controlled substances substantially increases the likelihood that she may reoffend. On the positive side, following her release from custody in this case, Defendant completed an inpatient substance abuse treatment program at Passages, as well as an outpatient program at Alternatives, Inc. in Billings.

The undersigned has considered the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes. Defendant received a four-month sentence on her first revocation, which proved insufficient to deter her from repeating the same violations. A longer term of custody is appropriate to make it clear to Defendant that she will be required to adhere to the terms of her supervision, and to deter future violations and protect the public from further criminal conduct.

The undersigned has also considered the need for future educational and correctional treatment. Maintaining sobriety will be critical for Defendant's success on supervision. Defendant has previously been through both inpatient and outpatient treatment for substance abuse, but additional treatment will benefit both Defendant and the community. Therefore, a treatment condition should be included as a special condition of Defendant's supervised release. Additionally, to assist in her transition back to the community following her release from custody, Defendant should be required to reside in a sober facility approved by U.S. Probation for at least 60 days.

Considering all these factors, the Court concludes a custodial sentence is appropriate. But, given the nature of the violations, a sentence of effectively 7 months incarceration, followed by 25 months supervised release is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

## IV.    <u>Conclusion</u>

Defendant was advised that the above sentence would be recommended to Judge Christensen, and she was reminded of the right to object to these Findings and Recommendations within 14 days of their issuance.  Defendant was also reminded of the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.    Defendant violated the condition of supervised release that she must not unlawfully possess a controlled substance, as alleged in Violation Nos. 1 and 8.

2.    Defendant violated the condition of supervised release that she participate in substance abuse testing, as alleged in Violation No. 2.

3.    Defendant violated the condition of supervised release that she abstain from the consumption of alcohol, as alleged in Violation No. 3.

4.    Defendant violated the condition of supervised release that she participate in and successfully complete an outpatient program of substance abuse treatment, as alleged in Violation Nos. 4 and 7.

5.    Defendant violated the condition of supervised release that she answer truthfully the questions asked by her probation officer, as alleged in Violation No. 5.

6.     Defendant violated the condition of supervised release that she must not communicate or interact with someone she knows has been convicted of a felony, as alleged in Violation No. 6.

Accordingly, **IT IS RECOMMENDED** that the Court revoke Defendant's supervised release and sentence Defendant to 7 months custody on Counts 6 and 12, to run concurrent.  The Court should also impose a term of supervised release for a period of 25 months as to Count 6, with no supervised release as to Count 12.

**IT IS FURTHER RECOMMENDED** that, in addition to the mandatory and standard conditions of supervised release, the Court impose the following special conditions of supervised release:

1.    All employment must be approved in advance in writing by the probation officer.  You must consent to third-party disclosure to any employer or potential employer.

2.    You must apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other financial gains to outstanding court-ordered financial obligations.

3.    You must provide the probation officer with any requested financial information.  You must not incur new lines of credit without prior approval of the probation officer.  You must notify the probation officer of any material changes in your economic circumstances that might affect your ability to pay court-ordered financial obligations.

4.    You must pay restitution in the amount of $1,496.81 as specified below.

5.    You must apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other financial gains to outstanding court-ordered financial obligations.

7

6. You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

7. You must submit your person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

8. You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is the primary item of sale.

9. You must participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

10. You must participate in substance abuse treatment or alcohol abuse treatment program, which may include inpatient treatment, and follow the rules and regulations of that program. The probation officer will obtain the authorization of the Court before requiring residential or inpatient treatment pursuant to this condition. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The program may include urinalysis testing to determine if you have used drugs or alcohol. You must not attempt to obstruct or tamper with the testing methods. You must pay part or all of the costs of this treatment as directed by the probation officer.

11. You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

12. You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited

to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

13. Upon your release from custody, you must reside at a sober living facility approved by your probation officer for a period of at least 60 days. You must abide by all rules and regulations of the facility and successfully complete any programming as deemed appropriate by United States Probation.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 28th day of January, 2026.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

9